13-207-cr
U.S. v. DeJesus-Gil

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of February, two thousand thirteen.

PRESENT:  PIERRE N. LEVAL,
GUIDO CALABRESI,
GERARD E. LYNCH,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          No. 13-207-cr

ALBERTO DEJESUS GIL,

*Defendant-Appellant*,

_____

**APPEARING FOR APPELLANT:**      JULIA PAMELA HEIT, New York, New York.


**APPEARING FOR APPELLEE:**      RAJIT S. DOSANHJ, Assistant United States Attorney (Daniel C. Gardner, Assistant United States Attorney, *on the brief*), *for* Richard S Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Alberto DeJesus Gil[1] appeals from the district court's sentence of 33 months' imprisonment following his plea of guilty to a count of aggravated illegal re-entry by a felon in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, DeJesus Gil argues that his sentence was substantively unreasonable.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the substantive reasonableness of a district court's sentence under a "deferential abuse-of-discretion standard."  U. S. v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), quoting Gall v. U.S., 552 U.S. 38, 41 (2007).  A district court's sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (internal quotation marks omitted).

DeJesus Gil does not challenge the procedural fairness of his sentencing, and concedes that his sentence falls within the recommendation of the Sentencing Guidelines.  Rather, he argues that his sentence is substantively unreasonable because of a variety of factors including his ill health and the inadequacy of medical treatment and care available in prison.  However, DeJesus Gil concedes that the district court acknowledged and considered his ill health, and concluded that his medical needs could be met in prison.  The court also noted, however, that it

---

[1] The government's brief spells appellant's name "DeJesus-Gil."  We adopt the spelling in the appellant's own brief, without the hyphen, which is also the spelling in the indictment.

would take into account DeJesus Gil's criminal record. That criminal record includes convictions for crimes involving theft, narcotics, and aggravated assault, punctuated by two deportations. Under the circumstances, and in light of the deference owed to the district court's decisions, we cannot conclude that the sentence imposed was unreasonable.

Accordingly, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk